**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SANDRA MIRNA FIGUEROA-OJEDA, | No. 05-70927 |
| Petitioner, | Agency No. A019-144-050 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Sandra Mirna Figueroa-Ojeda, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order summarily affirming

an immigration judge's ("IJ") decision finding that she knowingly participated in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

/Research

alien smuggling. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and due process claims, and for substantial evidence the agency's findings of fact. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Figueroa-Ojeda's due process rights were not violated by the admission of the smuggled alien's Form I-213 because the form was probative and its admission was fundamentally fair. *See Espinoza v. INS*, 45 F.3d 308, 310-11 (9th Cir. 1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair," and rejecting the argument that a Form I-213 was inadmissible as hearsay). Figueroa-Ojeda was able to cross-examine the author of the forms, *see id*. at 311, and the government made a reasonable effort to produce the smuggled alien to testify at the hearing, *see Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 681-82 (9th Cir. 2005).

According to the Form I-213, the smuggled alien stated that he was going to pay Figueroa-Ojeda $500 after they crossed the border. Substantial evidence therefore supports the IJ's determination that Figueroa-Ojeda knowingly participated in the smuggling attempt. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 748-49 (9th Cir. 2007).

We lack jurisdiction to review Figueroa-Ojeda's contention that she did not have an adequate opportunity to review the government's evidence because she failed to raise that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

Figueroa-Ojeda's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**